IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLIE REYES, *pro se*,

    Plaintiff,

v.                                                                                   Case No. 24-cv-831 KG/KRS

LCSO, B. BAILEY, J. FINLEY,
T. DANLEY, PRESTON, B. RODELLA,
LC BOARD OF COMMISSIONERS,
and LC MANAGER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Modify both Federal and State Lawsuits, (Doc. 11), filed November 26, 2024. Defendants did not file a Response. Having considered the briefing and relevant case law, the Court grants the Motion.

*I.     Background*

On May 15, 2024, Plaintiff filed his Petition in state court alleging claims under 42 U.S.C. § 1983, the New Mexico Civil Rights Act (NMCRA), and the New Mexico Tort Claims Act (NMTCA). (Doc. 1-2) at 1. On August 21, 2024, Defendant Lincoln County Board of Commissioners removed this case to federal court. (Doc. 1) at 1. On August 28, 2024, Defendants' Lincoln County Sherriff's Office, Lincoln County Manager, and Lincoln County Board of Commissioners filed a Motion to Dismiss for failure to plead exhaustion of administrative remedies and for suing "non-suable" entities. (Doc. 3) at 1–2. On November 14, 2024, Plaintiff filed a Motion for Summary Judgment, (Doc. 9), and on November 26, 2024, filed his Motion to Modify, (Doc. 11). In his Motion to Modify, Plaintiff states his amendment

would remove LCSO as a Defendant and name under-sheriff, Geraldine Martinez, as a new Defendant. (Doc. 11) at 1.

II.     Analysis

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." As the Tenth Circuit has explained, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). "[A] *pro se* plaintiff who fails to allege sufficient facts is to be given a reasonable opportunity to amend his complaint if justice so requires." *Dees v. Vendel*, 1993 WL 191815, *1 (10th Cir. 1993).

The Court determines justice requires Plaintiff be given an opportunity to amend his Complaint. Considering Plaintiff has not yet amended his Complaint, a scheduling order has not been set, and Defendants did not respond, the Court does not find a showing of undue delay, prejudice, or bad faith.[1] Because the Court grants Plaintiff leave to amend his Complaint, it denies Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment as moot and without prejudice.

---

[1] "Failure to respond to an argument is generally deemed an acquiescence." *Mulford v. Altria Group, Inc.*, 242 F.R.D. 615, 622 n.5 (D.N.M. 2007); *see also* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion…constitutes consent to grant the motion.").

For the reasons discussed above, the Court grants Plaintiff's Motion to Modify, (Doc. 11), and denies as moot Defendants' Motion to Dismiss, (Doc. 3), and Plaintiff's Motion for Summary Judgment, (Doc. 9).

IT IS SO ORDERED.

/s/ KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.