IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLIE REYES,

    Plaintiff,

v.                                                            No. 2:24-cv-831-KG-KRS

BRYCE BAILEY; TODD DANLEY;
DEANNA PRESTON; BRENDAN RODELLA;
GERALDINE MARTINEZ; LINCOLN COUNTY
MANAGER; and LINCOLN COUNTY BOARD
OF COMMISSIONERS,

    Defendants.

**ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court *sua sponte*.

**Procedural History**

Plaintiff, acting on his own behalf, initiated this action in state court on May 16, 2024. (Doc. 1-2). Defendant Lincoln County Board of Commissioners ("the County") removed the case on August 21, 2024. (Doc. 1). On August 28, 2024, the County, on behalf of itself, the Lincoln County Sheriff's Office ("LCSO"), and the unidentified "Lincoln County Manager" (collectively "the County Defendants") filed a motion to dismiss for failure to plead exhaustion of administrative remedies and for suing "non-suable" entities. (Doc. 3). Plaintiff did not file any response to the County Defendants' motion to dismiss, but instead, on November 26, 2024, he filed two motions--one seeking summary judgment (Doc. 9), and the other styled as a "Motion to Modify both Federal and State Lawsuits" (Doc. 11). On March 25, 2025, the Court determined that justice required giving Plaintiff an opportunity to amend his complaint, and therefore the Court denied the County Defendants' motion to dismiss and Plaintiff's motion for summary judgment, both without prejudice. (Doc. 13). Plaintiff

then filed the current Amended Complaint on May 30, 2025 (Doc. 18), and the County Defendants filed a motion to dismiss the Amended Complaint on June 13, 2025 (Doc. 20).[1]

**Discussion**

With the exception of Geraldine Martinez, all Defendants named in the Amended Complaint were also named in the original state court complaint. But only the County Defendants have appeared in the case. No answer or other responsive pleading has been filed by Defendants Bryce Bailey, Todd Danley, Deanna Preston, and Brendan Rodella. Nor does the docket reflect that those Defendants have been served.

Section 1448 of title 28 of the United States Code provides the following:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. The Federal Rules of Civil Procedure apply to removed cases after the date of removal. *See* FED. R. CIV. P. 81(c); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). Rule 4(m) allows a plaintiff 90 days after a complaint is filed in federal court to complete service, FED. R. CIV. P. 4(m), and also has been interpreted to give plaintiffs in removed cases 90 days after the date of removal to complete service on defendants not yet served when the case was removed. *See Wallace*, 596 F.3d at 706-07 ("Once Microsoft removed the case to federal court prior to the expiration of the ninety-day period for service under state law, 28 U.S.C. § 1448 and Fed. R. Civ. P.

---

[1] The LCSO is not named in the Amended Complaint, and therefore is no longer one of the County Defendants.

4(m) gave Mr. Wallace an additional 120 [now 90[2]] days in which to perfect service." (citing case law from the Fifth, Seventh, and Third Circuits)); *see also Baumeister v. N.M. Comm'n for the Blind*, 409 F. Supp. 2d 1351, 1352–53 (D.N.M. 2006) (citing *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) (and cases cited therein)). "[T]he law is firmly established in this circuit that the filing of an amended complaint" extends the time for service *only* as to defendants newly added in the amended complaint. *Marion v. Weber Cnty.*, No. 1:18-CV-00148, 2019 WL 5550015, at *2 & n.31 (D. Utah Oct. 28, 2019) (citing *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006)). As a result, Plaintiff had until 90 days after the County's August 21, 2024 removal—which is November 19, 2024—to serve process on Defendants Bailey, Danley, Preston, and Rodella, while Plaintiff has until 90 days after May 30, 2025 (the date on which the Amended Complaint was filed)—which is August 28, 2025—to serve process on Defendant Martinez.

Although Plaintiff is well within the 90-day period the Federal Rules give him to perfect service on Martinez, he is well past the date for perfecting service on Bailey, Danley, Preston, and Rodella. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed [in this case, after removal], the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also* D.N.M. LR-Civ. 41.1 ("A

---

[2] The 2015 Amendments to the Rules of Civil Procedure reduced the presumptive time for service in federal court from 120 days to 90 days. *See* FED. R. CIV. P. 4(m), advisory committee notes, 2015 amendments.

civil action may be dismissed if, for a period of ninety (90) calendar days, no steps are taken to move the case forward."). More than ninety days have passed since Plaintiff took any step to move this case forward as to Defendants Bailey, Danley, Preston, and Rodella. Therefore, the Court must determine whether to dismiss the action as to those defendants without prejudice, or order that service be made within a specified time. In determining whether to order service be made within a specified time, the Court conducts a two-part inquiry: (1) the "preliminary inquiry … is whether the plaintiff has shown good cause for the failure to timely effect service"; if good cause is shown, "the plaintiff is entitled to a mandatory extension of time"; (2) if the plaintiff fails to show good cause, … the court proceeds … to consider whether a permissive extension of time may be warranted," including, among other factors, "whether the applicable statute of limitations would bar the refiled action." *Marion,* 2019 WL 5550015, at *2 (internal quotation marks and citations omitted).

**IT IS THEREFORE ORDERED** that **on or before July 7, 2025**, Plaintiff must respond to this Order to Show Cause by providing the Court with a written explanation showing good cause for his failure to effect timely service on Defendants Bailey, Danley, Preston, and Rodella. If Plaintiff cannot show good cause, he must provide an explanation for why the Court should grant a permissive extension of time to serve those Defendants in lieu of dismissing his claims against those Defendants for failure to prosecute. If Plaintiff can show neither good cause nor an adequate reason for the Court to grant a permissive extension of time to serve Defendants Bailey, Danley, Preston, and Rodella, or if Plaintiff fails to file a timely response to this Order, the Court may recommend that his claims against those Defendants be dismissed without prejudice.

IT IS SO ORDERED this 16th day of June, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE