IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLIE REYES,

       Plaintiff,

v.                                        No. 2:24-cv-831-KG-KRS

BRYCE BAILEY; TODD DANLEY;
DEANNA PRESTON; BRENDAN RODELLA;
GERALDINE MARTINEZ; LINCOLN COUNTY
MANAGER; and LINCOLN COUNTY BOARD
OF COMMISSIONERS,

       Defendants.

## ORDER QUASHING ORDER TO SHOW CAUSE AND EXTENDING SERVICE DEADLINE

**THIS MATTER** is before the Court on the Court's Order To Show Cause ("OTSC") (Doc. 23), and "Reply" (Doc. 25) filed by *pro se* Plaintiff Charles Reye. The Court's OTSC directed Plaintiff to explain his failure to effect timely service on the Officer Defendants Bailey, Danley, Preston, and Rodella, and/or to prosecute his claims against those Defendants. Plaintiff asserts in his Reply that, "[b]etween July l7 and 22, 2024, all defendants were served with summons and complaint, and, specifically, that Defendants Bryce Bailey, Todd Danley, Deanna Preston and Brendan Rodella (deputies) were served on July 22, 2024." (Doc. 25 at 1). The Court now finds that Plaintiff has failed to prove service on Defendants, Bailey, Danley, Preston, and Rodella. *See* NMRA, Rule 1-004(L); Fed. R. Civ. P. 4(l).[1] But rather than recommend dismissal of Plaintiff's claims against those Defendants, the Court *sua sponte* extends the service deadline.

---

[1] As will be seen, the documents before the Court do not support Plaintiff's contention that he served the Defendants in question while the case was pending in state court. For this reason, it is irrelevant that Plaintiff also asserts that, once Defendants Bailey, Danley, Preston, and Rodella were served and failed to respond, Plaintiff took action to move his case forward as to those Defendants by filing a motion for default judgment on August, 27, 2024. *See* (Doc. 25 at 1). Nevertheless, the Court notes that Plaintiff fails to cite or attach any document supporting his assertion about having moved for

I.

**Applicable Legal Principles**

Because Plaintiff claims to have served the Defendants in question when the case was still pending in state court, the Court looks to New Mexico law to determine the effectiveness of Plaintiff's asserted service. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("federal courts in removed cases look to the law of the forum state … to determine whether service of process was perfected prior to removal"). Under New Mexico law, a summons must be served along with a copy of the complaint. *See* NMRA, Rule 1-004(C)(1). The summons must be (1) signed by the clerk; (2) issued under the seal of the court, and (3) directed to the defendant to be served. *See* NMRA, Rule 1-004(B). In addition, the summons must contain the following information:

> (1) the name of the court in which the action is brought, the name of the county in which the complaint is filed, the docket number of the case, the name of the first party on each side, with an appropriate indication of the other parties, and the name of each party to whom the summons is directed;
>
> (2) a direction that the defendant serve a responsive pleading or motion within thirty (30) days after service of the summons and file a copy of the pleading or motion with the court as provided by Rule 1-005 NMRA;
>
> (3) a notice that unless the defendant serves and files a responsive pleading or motion, the plaintiff may apply to the court for the relief demanded in the complaint; and
>
> (4) the name, address and telephone number of the plaintiff's attorney. If the plaintiff is not represented by an attorney, the name, address and telephone number of the plaintiff.

*Id.*

The summons and complaint may be served "by any person who is over the age of eighteen (18) years and not a party to the action." NMRA, Rule 1-004(D)(1). Service is effected by delivering

---

default, and the "Civil Complaint Detail" attached to the Notice of Removal (Doc. 1-5) does not indicate any such motion was ever filed.

the summons and complaint to an individual defendant personally. NMRA, Rule 1-004(F)(1)(a). Service also may be accomplished by mail, *see* NMRA, Rule 1-004(F)(1)(b), provided that the envelope is "addressed to the named defendant and further provided that the defendant, or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant, signs a receipt for the envelope or package containing the summons and complaint." NMRA, Rule 1-004(E)(3). Service by mail is deemed "complete on the date the receipt is signed." *Id.* The party obtaining service must file proof of service in the form of an affidavit. *See* NMRA, Rule 1-004(L). Proof of service by mail is "established by filing with the court a certificate of service which shall include the date of delivery by the post office … and a copy of the defendant's signature receipt." *Id.*

## II.

### Discussion

To prove that he effected service on Defendants Bailey, Danley, Preston, and Rodella while the case was pending in state court, Plaintiff directs the Court to "PLEASE review D-1226-CY-2024-0A090 in its entirety." (Doc. 25 at 1). Although it is unclear, the Court will assume that Plaintiff's reference to "D-1226-CY-2024-OA090" is a reference to the state court proceedings prior to the case being removed to this Court.

As an initial matter, Plaintiff's reference to a case number generally is insufficient because Plaintiff does not identify where in the file of that case proof of service can be found. *See* NMD-Local-Civ. 10.6 ("Identifying Portions of Exhibits"). Plaintiff's response also is insufficient because the entire state court file—and specifically the documents Plaintiff may have in mind—may not be currently before the Court. The exhibits attached to the Notice of Removal include a "Civil Complaint Detail" from the state court proceedings (Doc. 1-5), which contains an entry dated July 19, 2024 and three entries dated July 22, 2024 with the description "Certificate/Proof of Mailing." As far as the

3

Court can tell, however, the documents that correspond to those entries are not among the documents attached to the Notice of Removal. Since the documents have not been made part of the record in these proceedings, the Court cannot determine whether any of them establish that service was effected on one or more of Defendants Bailey, Danley, Preston, and Rodella.

The attachments to the Notice of Removal do include one document that appears to be service-related. The document in question is entitled "Notice And Acknowledgment of Receipt of Summons And Complaint" ("Notice") (Doc. 1-3), and includes the declaration of a person, whose signature is illegible,[2] stating, "under penalty of perjury, that the complaint, an answer form, two copies of this notice and acknowledgment of receipt of summons and complaint and a postage prepaid return envelope were mailed on the 17th day of July 2024 from Ruidoso NM (*place of mailing*)." (*Id.* at 1-2). This document, however, does not constitute adequate proof of service for several reasons: (1) it is not addressed to any of the Officer Defendants, but is instead addressed generically to "LCSO, P.O. Box 278, Carrizozo, New Mexico 88301" (Doc. 1-3 at 1); (2) the declaration does not indicate that a summons was among the documents served (*id.* at 2); and (3) rather than being signed by the one of the Defendants or a person authorized to receive service on one of the Defendant's behalf, the "Receipt" portion of the document is blank (*id.*). The Notice includes at the end an "Affidavit of Service," which also is insufficient to establish service was effected, for the same reasons: (1) it identifies the party who was served as "LCSO," not any of the Officer Defendants (Doc. 1-3 at 2);

---

[2] Although the name is illegible, the handwriting bears some resemblance to Plaintiff's handwriting in the original complaint.

4

(2) it does not indicate that a summons was among the documents served (*id.*); and (3) it does not include the required receipt signed by the defendant being served.[3]

In addition to directing the Court's attention to "D-1226-CY-2024-OA090, in its entirety," Plaintiff's Reply also attaches, without further explanation, what appear to be two additional service-related documents, which perhaps are the documents listed on the state court "Civil Complaint Detail" that were not included among the attachments to the Notice of Removal. The first is entitled "Return of Service" (Doc. 25 at 3), but that document references personal service on a person named Sam Chavez, not any of the Defendants at issue here (Bailey, Danley, Preston, and Rodella). Even if one or more of the Defendants in question had been named on the "Return of Service" attached to Plaintiff's "Reply," it still would be inadequate proof of service because it indicates that only the summons (not the complaint) was served, and because the signature of the person making service is not notarized. The second document—titled "Lincoln County Sheriff's Office, Civil Process Cover Page" (*id.* at 4)—is insufficient to prove service for the same reasons: (1) none of the Defendants at issue here are named in it; rather, it identifies the defendant being served as the Lincoln County Sheriff's Office, and the person served as "Sam Chavez"; (2) it identifies only the summons as having been served: and (3) the document contains no signature of any kind, let alone a notarized signature of the server.

In short, none of the documents contained in the present record establish that Defendants Bailey, Danley, Preston, and Rodella were ever served with the state court summons and original complaint when the case was pending in state court. But that does not end the inquiry, because Plaintiff's failure to show that service was perfected on Defendants Bailey, Danley, Preston, and

---

[3] Furthermore, the name of the person signing the Affidavit of Service is not legible from that person's signature, but appears from the notary signature to be that of Plaintiff, himself.

Rodella under state law at the time the case was removed does not foreclose service being effected in this Court after removal. *Wallace,* 596 F.3d at 706. "After removal, federal rather than state law governs the course of the later proceedings." *Id.* (citing *Granny Goose Foods, Inc. v. Teamsters Local 70*, 415 U.S. 423, 437 (1974)). Pursuant to 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m), Plaintiff had 90 days from the date of removal, or until November 29, 2024, in which to perfect service. *See Wallace*, 506 F.3d. at 706-07 (citing cases). There is no indication in the record, however, that a federal summons was issued and service was effected on the Defendants in question by that date. Nor does Plaintiff argue in his reply that he accomplished service on those Defendants after removal of the case.

### III.

### Conclusion

Given the lack of proof, the Court finds that Defendants Bailey, Danley, Preston, and Rodella were not served while the case was pending in state court. The Court further finds that the deadline for service on those Defendants in federal court expired on November 29, 2024, without service having been effected. Nevertheless, the Court finds that, despite the length of time between now and expiration of the November 29, 2024 service deadline, the delay in service on Defendants Bailey, Danley, Preston, and Rodella is unlikely to have prejudiced those Defendants, as the case has not progressed since removal due to motions practice by both Plaintiff and the County Defendant. That motion practice ultimately resulted in an Amended Complaint being filed on May 30, 2025. (Doc. 18). The Amended Complaint adds a new defendant, Geraldine Martinez, and a summons was issued to that defendant on June 26, 2025 (Doc. 26). No return of service showing Defendant Martinez has been served has yet been filed, and service is due, per Fed. R. Civ. P. 4(m), by August 28, 2025 (90 days from May 30, 2025).

**ACCORDINGLY,** the Court *sua sponte* **GRANTS** Plaintiff an extension of the deadline to serve Defendants Bailey, Danley, Preston, and Rodella until **August 28, 2025.** *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*." (emphasis added)); *Woolley v. Bd. of Cnty. Comm'rs of Wagoner Cnty., Okla.*, No. CIV-21-159-SLP, 2025 WL 1707641, at *4 (E.D. Okla. June 18, 2025) ("[I]f a plaintiff shows good cause for the delay, an extension of the service deadline is mandatory. Absent a showing of good cause, the district court still must consider whether a permissive extension of time is warranted (citing *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995))).

On or before **September 10, 2025**, Plaintiff shall file proof of service on Defendants Bailey, Danley, Preston, Rodella, and Martinez, or else show good cause for his failure to serve. Plaintiff is on notice that, absent proof of service or a showing of good cause, his claims against those Defendants may be dismissed.

Finally, the Court finds good cause finds pursuant to Fed. R. Civ. P. 16 to delay entering a scheduling order and holding a scheduling conference until after the County's motion to dismiss is decided, assuming the case proceeds, *see* (Doc. 21), *and* until after Plaintiff has served the remaining Defendants as set forth in this order.

IT IS SO ORDERED this 8th day of July, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE