IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLIE REYES,

    Plaintiff,

v.                                            No. 2:24-cv-831-KG-KRS

BRYCE BAILEY; TODD DANLEY;
DEANNA PRESTON; BRENDAN RODELLA;
GERALDINE MARTINEZ; LINCOLN COUNTY
MANAGER; and LINCOLN COUNTY BOARD
OF COMMISSIONERS,

    Defendants.

**ORDER GRANTING [39] MOTION TO QUASH FOR IMPROPER SERVICE**
**and**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Special Appearance and Motion to Quash For Improper Service ("Motion") (Doc. 39), filed by the New Mexico Association of Counties. The Motion contests service of process on Defendants Todd Danley, Geraldine Martinez, Deanna Preston, Brendan Rodella, and Bryce Bailey. For the following reasons, the Motion is granted, and the undersigned recommends dismissal for failure to effect timely service.

**Background**

On June 16, 2025, the Court issued an Order to Show Cause noting that Plaintiff had far exceeded the deadline for effecting service on Defendants Bailey, Danley, Preston, and Rodella. (Doc. 23). The Court ordered Plaintiff to show cause for his failure to effect timely service on Defendants Bailey, Danley, Preston, and Rodella, or to provide an explanation for why the Court should grant a permissive extension of time to serve those Defendants in lieu of dismissing his claims against those Defendants for failure to prosecute. (*Id.*). If Plaintiff did not show either good cause or an adequate reason for the Court to grant a permissive extension of time to serve Defendants Bailey, Danley,

Preston, and Rodella, the Court stated that it might recommend that his claims against those Defendants be dismissed without prejudice. (*Id.*).

Plaintiff responded to the Order To Show Cause on June 25, 2025 (Doc. 25). On July 8, 2025, the Court issued an Order quashing the Order to Show Cause (Doc. 27). The Court's July 8, 2025 Order found that Plaintiff had failed to provide support for his assertion that Defendants Bailey, Danley, Preston, and Rodella had been served while the case was pending in state court. The Court further found that the deadline for service on those Defendants in federal court expired on November 29, 2024, but that those Defendants would not be prejudiced by the Court extending the service deadline to August 28, 2025, with proof of service due by September 10, 2025. The Court also noted that the deadline for Plaintiff to serve Defendant Martinez was due to expire on August 28, 2025, and ordered Plaintiff to also file proof of service on Defendant Martinez by September 10, 2025. Absent proof of service as stated in the Order, the Court cautioned Plaintiff that it could recommend that Plaintiff's claims against those Defendants be dismissed without prejudice. (*Id.* at 7).

On August 18, 2025, Plaintiff filed affidavits of service purporting to show that summonses and the amended complaint were served on Defendants Danley, Martinez, Preston, Rodella, and Bailey on August 12, 2025. (Docs. 37, 38). On September 2, 2025, said Defendants filed the present Motion seeking an order quashing the improper service that Plaintiff claims to have effected on them. According to the Motion, the summonses and amended complaint were served upon unauthorized individuals at those Defendants' places of employment rather than upon them personally or at their residences. (Doc. 39 at 1). Although affidavits of service were later completed for each, there is no indication that any Defendants actually received service, or that Plaintiff attempted to comply with the requirements of FED. R. CIV. P. 4(e) or Rule 1-004(F), NMRA. Defendants argue that "[b]oth federal and state rules make clear that service at a defendant's place of employment is only

2

permissible after reasonable efforts to effect personal service or service at the individual's residence have been undertaken," and that "no such efforts were undertaken" here. (*Id.* at 1-2).

### Order Granting Doc. 39

The Motion (Doc. 39) was filed September 2, 2025. Plaintiff's response to the Motion, therefore, was due September 16, 2025. *See* D.N.M. LR-CIV. 7.4(a) (responses due fourteen days after motion filed). To date, no response to the Motion has been filed. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-CIV. 7.1(b). Accordingly, Plaintiff is deemed by LOCAL RULE 7.1(b) to have consented to the Court granting the Motion.

In addition to the above, Plaintiff's amended proofs of service filed August 18, 2025 (Docs. 37, 38), are inadequate to prove that service was effected. "In cases removed from state court in which one or more defendants has not been served prior to removal, service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448; *see also Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (the Federal Rules of Civil Procedure apply to removed cases after the date of removal); FED. R. CIV. P. 81(c) (same). The methods of service of process on an individual for cases in federal court are set out in FEDERAL RULE OF CIVIL PROCEDURE 4(e). Pursuant to RULE 4(e), an individual may be served by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; (2) delivering a copy of the summons and of the complaint to the individual personally; (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. *See* FED. R. CIV. P. 4(e).

It appears that Plaintiff may be relying on subparagraph (2)(C) of Rule 4(e), for service, which provides for service on "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Doc. 37 represents that an individual named Alfred Barela was authorized to accept service on behalf of Defendant Martinez, and that Barela was served on August 11, 2025. Doc. 38 represents that Sam Chavez is authorized to accept service on behalf of Defendants Bailey, Danley, Preston, Rodella, and that Chavez was served on August 12, 2025. But Plaintiff has provided no proof or explanation to establish that Barela is "authorized by appointment or by law" to accept service on behalf of Defendant Martinez, or that Chavez is "authorized by appointment or by law" to accept service on behalf of Defendants Bailey, Danley, Preston, Rodella.

To the extent that Plaintiff seeks to rely on state law instead, the amended proofs of service are similarly deficient. Under New Mexico law, service on an individual must be accomplished through personal delivery to the named defendant, or by mail or commercial courier, as set forth in NMRA, Rule 1004(F)(1)-(2). Only if service cannot be accomplished through attempts to serve in accordance with subparagraphs (1) and (2) of Rule 1004(F) is service of process allowed "by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof." NMRA, Rule 1004(F)(3). Plaintiff has not shown that he attempted service under subparagraphs (1) and (2) of Rule 1004(F), *before* attempting to serve at Defendants' places of employment. Nor has he shown that the individuals served at Defendants' places of employment (Barela and Chavez) are the persons "apparently in charge" of the places of employment. Nor has he shown that he complied with the additional requirement of Rule 1004(F)(3) that, at the same time as service is made at the places of employment, a copy of the summons and complaint also be sent "by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment." *Id.*

For all of the above reasons, the Court finds that the amended proofs of service fail to establish service was effected. Accordingly, the Motion **(Doc. 39)** is **GRANTED.** Plaintiff's Amended Affidavits of Service (Docs. 37 and 38) are insufficient under the law, and the Court finds that Defendants Todd Danley, Geraldine Martinez, Deanna Preston, Brendan Rodella, and Bryce Bailey have not been served with process.

## Recommended Findings and Proposed Disposition

As previously discussed, the Court forewarned Plaintiff that if service was not effected on Defendants Danley, Preston, Rodella, and Bailey by August 25, 2025, and on Defendant Martinez by August 28, 2025, with adequate proof of service filed by September 10, 2025, the undersigned could recommend dismissal of his claims against those Defendants.

The undersigned **RECOMMENDS** that the findings in the previous section regarding Plaintiff's failure to effect service of process be adopted.

In addition, Plaintiff already has been granted a lengthy extension of the service deadline as to Defendants Danley, Preston, Rodella, and Bailey, and he has not sought an extension of the deadline for service on Defendant Martinez. Instead, Plaintiff continues to stand on affidavits of service that do not establish proper service—despite the undersigned having pointed to the methods for proper service in its previous orders. Accordingly, the undersigned further **RECOMMENDS** that no additional extensions of the service deadline be granted.

Finally, because service has not been effected and the undersigned recommends that no further extensions of the service deadline be granted, the undersigned further **RECOMMENDS** that Plaintiff's claims against Defendants Todd Danley, Deanna Preston, Brendan Rodella, and Bryce Bailey be dismissed without prejudice. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within

90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant ….").

IT IS SO ORDERED this 17th day of November, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**