IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLIE REYES,

    Plaintiff,

v.                                                                                   No. 2:24-cv-831-KG-KRS

BRYCE BAILEY; TODD DANLEY;
DEANNA PRESTON; BRENDAN RODELLA;
GERALDINE MARTINEZ; LINCOLN COUNTY
MANAGER; and LINCOLN COUNTY BOARD
OF COMMISSIONERS,

    Defendants.

**ORDER**

**THIS MATTER** is before the Court *sua sponte* upon review of the "Notice of Withdrawal of Special Appearance and Motion To Quash For Improper Service" (Notice of Withdrawal) (Doc. 48), filed by the New Mexico Association of Counties on behalf of the Individual Defendants, Bryce Bailey Todd Danley, Preston Rodella, and Geraldine Martinez. Also before the Court are two motions filed by pro se Plaintiff Charlie Reyes: "Motion To Reconsider The Court's Order Quashing Service of the Amended Complaint and Motion For Leave To File Electronically" (Motion for Reconsideration) (Doc. 42); and (2) "Motion For Leave To File Supplemental Evidence In Support Of Pending Objection And Motion For Reconsideration" (Doc. 47).

The Notice of Withdrawal is procedurally improper. Pursuant to D.N.M. LR-Civ. 7.7, "[a] party may withdraw a document from consideration by the Court by filing and serving a notice of withdrawal which specifically identifies the document being withdrawn. Withdrawal requires consent of all other parties or approval of the Court." To begin with, the Notice of Withdrawal does not state that "all other parties" consent to the withdrawal, and therefore withdrawal cannot be accomplished by the filing of a notice. Withdrawal instead would require court approval, i.e., the filing of a motion.

*See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Beyond that, and in any event, the Individual Defendants' Motion to Quash for Improper Service (Doc. 39) cannot be withdrawn because it was granted already by an order entered on November 17, 2025. *See* (Doc. 41). Having been granted, the motion to quash is no longer before the Court for "consideration," as required by D.N.M. LR-Civ. 7.7.

Nevertheless, the Court understands that the Individual Defendants' intent is to either waive or withdraw their previously asserted objections to service of process. Accordingly, the Court construes the Notice of Withdrawal as consent to an order granting Plaintiff's Motion for Reconsideration.

For the foregoing reasons, the Court **ORDERS** as follows:

1. Pursuant to the Individual Defendants' Notice of Withdrawal of Special Appearance and Motion To Quash For Improper Service, Doc. 48, **Plaintiff's Motion To Reconsider The Court's Order Quashing Service of the Amended Complaint**, **Doc. 42,** is deemed unopposed. **Plaintiff's Motion for Leave To File Supplemental Evidence In Support of Pending Objection And Motion For Reconsideration (Docs. 44 and 45)**, **Doc. 47,** is also unopposed. *See* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so to grant the motion."). Accordingly, **Docs. 42 and 47** are **GRANTED**.

2. The Court's November 17, 2025 Order, **Doc. 41**, and the Individual Defendants' Special Appearance and Motion To Quash, **Doc. 39**, are ordered **WITHDRAWN**. Included in the withdrawal is the **Proposed Findings and Recommended Disposition** portion of the Court's Order, Doc. 41, which recommended that Plaintiff's claims against the Individual Defendants be dismissed.

3. The attorneys who previously appeared on behalf of the Individual Defendants through the now withdrawn Special Appearance, and who have now appeared through the filing of an answer

2

on behalf of the Individual Defendants, *see* Doc. 49, are **DIRECTED** to enter their general appearances as required by **D.N.M. LR-Civ. 83.4**.

4. Plaintiff's request in Doc. 42 to file electronically using CM/ECF is **GRANTED**. Plaintiff is granted leave to file electronically in this case only. *See* CM/ECF Administrative Procedures Manual § 4(b)(1) (Rev. June 2024) ("Upon receipt of a Notice of Electronic Filing (NEF), the recipient will have one opportunity to review, save, and print the document without incurring any PACER fees"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

5. Pursuant to the Court's inherent authority to manage its docket, Plaintiff is directed that, in the future, he should not combine unrelated requests for relief—i.e., a request for reconsideration and a request to file electronically—in a single motion. Each motion shall be filed as a separate document, except for motions for alternative relief (e.g., a motion to dismiss or, alternatively, to transfer). To be clear, multiple unrelated motions or documents of any kind may **NOT** be filed in a single document. This prohibition applies to **ALL** parties—i.e., the Individual Defendants' Special Appearance and Motion To Quash For Improper Service, filed as Doc, 39, should have been filed as two separate documents.

IT IS SO ORDERED this 14th day of January, 2026.

                                                                        _____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE