IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLIE REYES,

     Plaintiff,

v.                                                                  No. 2:24-cv-00831-KG-KRS

BRYCE BAILEY, et al.,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Lincoln County Manager and Lincoln County Board of Commissioners' ("County Defendants") motion to dismiss Count Five of Plaintiff Charlie Reyes' complaint, Doc. 20. County Defendants removed this action from state court under 28 U.S.C. § 1331. *See* Doc. 2. For the reasons below, Count Five is dismissed without prejudice. Plaintiff may file an amended complaint within 21 days of this Order that complies with the pleading standards set forth below.

## I.    *Background*

The Court draws this background from the relevant allegations in Plaintiff's amended complaint, which the Court must accept as true at the motion to dismiss stage. *E.g.*, *WildEarth Guardians v. U.S. Forest Serv.*, 2025 WL 2430383, at *1 n.1 (D.N.M.).

Appearing pro se, Plaintiff claims that on December 7, 2022, Defendants Bryce Bailey and Todd Danley, who are "Deputy law enforcement officers...conducted a warrantless 'ping' of Plaintiff's cell phone" which Plaintiff claims violated his "Fourth Amendment right" as well as "New Mexico constitutional protections." Doc. 18 at 1–2. Plaintiff argues that Bailey and Danley's unconstitutional ping eventually led "to [his] arrest and subsequent pretrial detention."

1

*Id.*  While Plaintiff was incarcerated, he was "exposed to HIV" and the Lincoln County Sherriff's Department "unlawfully seized" his property.  *Id.*

Plaintiff contends that law enforcement's conduct, "combined with guidance or policy decisions established by [County Defendants]," resulted in "the systemic violations of his constitutional rights."  *Id.* at 3.  Relevant here, Count Five of Plaintiff's amended complaint maintains that that county officials, acting contrary to 42 U.S.C. § 1983, "deprived Plaintiff of his constitutional rights."  *Id.* at 5.  County Defendants filed their motion to dismiss under Rule 12(b)(6), arguing that Plaintiff "fails to state a plausible claim of an unconstitutional policy against" them.  Doc. 20 at 5.  In addition, County Defendants argue that even if Plaintiff were able to plead a specific policy, he still lacks "the required elements of causation and deliberate indifference necessary to illustrate a prima facie case."  *Id.* at 3.

## II.    *Legal Standard*

To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A claim is plausible only when the plaintiff pleads factual content allowing the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Well-pleaded allegations are accepted as true and viewed in the plaintiff's favor, but "conclusory allegations, unwarranted inferences, [and] legal conclusions" are not credited.  *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

Section 1983 creates a cause of action for federal constitutional violations against persons acting "under color of" state law.  42 U.S.C. § 1983; *see McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011).  Municipalities may be held liable under § 1983 where an alleged policy or custom causes a plaintiff's constitutional injury, and the policy or custom was "enacted or

maintained with deliberate indifference" to an almost-inevitable constitutional injury. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013); *see also Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658 (1978). To establish causation, a plaintiff must plausibly allege "a direct causal link between the policy or custom and the injury alleged." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019). Finally, to establish "deliberate indifference," a plaintiff must allege that a municipality has "actual or constructive notice that its action or failure to act is substantially certain" to result in a constitutional violation, and it "consciously or deliberately" disregards the risk of harm. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

While the Court must "construe a pro se plaintiff's pleadings liberally...conclusory allegations without supporting factual averments are insufficient." *Mapp v. Dovala*, 138 F.3d 1335, 1337 (10th Cir. 1998).

## II.   *Analysis*

Construing Plaintiff's pleadings liberally, the Court grants County Defendants' Rule 12(b)(6) motion, Doc. 20, and dismisses Count Five. Plaintiff's complaint fails to plausibly allege that any Lincoln County policy or custom was the direct cause of his alleged injuries, or that Lincoln County demonstrated deliberate indifference to an almost-inevitable constitutional injury. In fact, Plaintiff's complaint identifies no such policy to begin with. Stating that "guidance or policy decisions" by County Defendants resulted in harm to Plaintiff is conclusory and does not contain the degree of specificity necessary to plausibly allege a § 1983 claim. Doc. 18 at 3. The purpose of requiring plaintiffs to identify an official policy or custom is to ensure that municipalities are only held liable for unconstitutional acts for which "the municipality is actually responsible." *Cacioppo v. Town of Vail, Colo.*, 528 Fed. Appx 929, 932 (10th Cir.

2013).  This requirement enables courts to distinguish between "acts of the municipality from acts of employees of the municipality."  *Id.*  Here, Plaintiff's failure to identify any specific government policy or custom is dispositive of his *Monell* claim.

Plaintiff's argument to the contrary fails.  He claims that the "unconstitutional customs and policies" of Lincoln County "are precisely what [he] can prove...at trial and [in front of a] jury."  Doc. 28 at 2.  Speculation does not satisfy the plausibility standard.  At this stage of litigation, Plaintiff fails to plausibly allege any element of a *Monell* claim under § 1983.  *See Cacioppo*, 528 Fed. Appx at 932.

## III.    *Conclusion*

The Court grants County Defendants' motion, Doc. 20, and dismisses Count Five without prejudice.  Plaintiff may file an amended complaint as to Count Five within 21 days of this order. *See* Fed. R. Civ. P. 15(a)(2).

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

4