IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLIE REYES,

Plaintiff,

v. No. 2:24-cv-00831-KG-KRS

BRYCE BAILEY, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *pro se* Plaintiff Charles Reyes's ("Mr. Reyes") Motion for Partial Summary Judgment, Doc. 55, Defendants Bryce Bailey and Todd Danley's response, Doc. 57, and Mr. Reyes's reply, Doc. 59. For the reasons below, the motion is denied.

## *I. Background*

The present civil rights action arises from an unlawful search conducted by Lincoln County Sheriff's Office ("LCSO") deputies that resulted in Mr. Reyes's arrest. Doc. 55 at 1; Doc. 57 at 2. On December 7, 2022, LCSO deputies stopped Mr. Reyes as his vehicle traveled on U.S. Highway 70/380 towards Hondo, New Mexico. Doc. 55-1 at 3–4. A warrant for Mr. Reyes's arrest had been issued the previous day in connection with a domestic dispute. *Id.* at 3–4. Defendant Deputy Bailey tracked Mr. Reyes's location through "real-time cell site location information" that he obtained from T-Mobile. *Id.* at 5. Bailey did not have a warrant for the cell location information. *Id.* Instead, Defendant Danley, a 9-11 dispatcher, submitted an "Exigent Request Form" to T-Mobile on behalf of Bailey claiming that exigent circumstances were present because Mr. Reyes had threatened to harm himself or others, including law enforcement. *Id.* at 6. As a result of the cell location data, LCSO deputies were able to arrest Mr. Reyes and conduct an inventory search of his vehicle. *Id.* at 4. Deputies found several firearms in the trunk

of the car. *Id.* The State of New Mexico subsequently charged Mr. Reyes with being a felon in possession of a firearm. *Id.*

In the underlying state court criminal proceeding, a judge concluded that LCSO deputies violated Mr. Reyes's Fourth Amendment right to be free from unreasonable searches and seizures by accessing his real-time cell location data to locate Mr. Reyes and execute a search warrant. *Id.* at 9, 26–27. As well, the court concluded that law enforcement's actions submitting an "Exigent Request Form" containing "material misstatements of fact," and withholding "critical information" during the motion to suppress hearing concerning the officers' use of the real-time cell location information to track Mr. Reyes, "were purposeful and flagrant." *Id.* at 28.

Mr. Reyes brings claims for constitutional violations under 42 U.S.C. § 1983, including: (1) unreasonable search of his real-time cell site location data in violation of his Fourth Amendment rights; (2) unreasonable seizure of his property in violation of the Fourth Amendment; (3) false imprisonment and battery in violation of New Mexico statutes; (4) denial of due process, in violation of the Fifth and Fourteenth Amendments; and (5) municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Doc. 18 at 4–5.

He now seeks summary judgment, asserting that Defendants should be precluded from relitigating whether his Fourth Amendment rights were violated and whether Defendants' misconduct was "purposeful and flagrant." Doc. 55 at 1. He argues that the "validity of the arrest" was litigated in the underlying state criminal matter, and that Defendants "are bound by the finding of 'flagrant' misconduct" and are therefore collaterally estopped from claiming qualified immunity. *Id.* Defendants oppose the motion and request attorney fees for "responding to this motion." Doc. 57 at 5.

## *II. Legal Standard*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Edwell v. Chase*, 2005 WL 3664804, at *3 (D.N.M.) (citing Fed. R. Civ. P. 56(c)). The Court must view the evidence presented in the light most favorable to the nonmoving party. *Phillips v. Franco*, 612 F. Supp. 2d 1190, 1193 (D.N.M. 2009).

## *III. Analysis*

The Court concludes that (A) the doctrine of collateral estoppel does not apply in this case, and (B) Defendants are not entitled to attorney fees for defending this motion.

### *A. The doctrine of collateral estoppel does not apply in this case.*

The doctrine of collateral estoppel "aid[s] in the finality of judgments" by preventing relitigation of the same issues. *Garcia v. Davis*, 2016 WL 9777236, at *8 (D.N.M.) (quoting *Edwards v. First Fed. Sav. & Loan Ass'n of Clovis*, 1985-NMCA-015, ¶ 14). "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a different cause of action involving a party to the first case." *Phillips*, 612 F. Supp. 2d at 1194. "Offensive collateral estoppel allows plaintiffs to prevent defendants from contesting issues...previously decided against them." *Roybal v. City of Albuquerque*, 2009 WL 1329834, at *8 (D.N.M.).

The application of collateral estoppel "depends on the law of the state in which the earlier litigation occurred." *Kinslow v. Ratzlaff*, 158 F.3d 1104, 1105 (10th Cir. 1998). Under New Mexico law, a party seeking to apply collateral estoppel must demonstrate: "(1) that the party to be estopped was a party to the prior proceeding, or in privity with a party; (2) the cause of action

in the present case is different from the cause of action in the prior adjudication; (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation." *Dailey v. Ulibarri*, 2009 WL 10706780, at *5 (D.N.M.) (footnote omitted). The Court must be satisfied that "the party against whom estoppel is asserted had a 'full and fair opportunity' to litigate the issue in the prior litigation." *Id.*

Here, Mr. Reyes has not demonstrated that Defendants were in privity with the State in the criminal case. Privity requires a "showing that the parties in the two actions are really and substantially in interest the same." *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 4 (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1174 (10th Cir. 1979)). Defendants were not parties to Mr. Reyes's criminal proceeding. They had no control over the prosecution of Mr. Reyes's criminal charge—they "could not call witnesses, direct examination of the State's witnesses, or choose the counsel who represented the State at the suppression hearing." *Garcia*, 2016 WL 9777236, at *8 (internal quotation marks and citation omitted); *see also Phillips*, 612 F. Supp. 2d at 1197 ("[I]t is well-established that successful motions to suppress cannot bind the individual law enforcement officials who later become defendants in Section 1983 claims arising out of the same events."). As a result, Mr. Reyes's argument fails.

The Court need not evaluate whether the other elements of collateral estoppel are met given Mr. Reyes's failure to demonstrate that Defendants were either parties or privies to the prior state court action. *See Kinslow*, 158 F.3d at 1106–07 (declining to consider other elements of collateral estoppel where plaintiff failed to establish privity of interests). The Court concludes that collateral estoppel does not apply and denies summary judgment on this claim.

***B. Defendants are not entitled to attorney fees for defending this motion.***

The Court denies Defendants' request to "award them attorneys' fees incurred in responding to this motion." Doc. 57 at 5. Under the American Rule, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Tyler v. U.S. Dep't of Educ. Rehab. Servs. Admin.*, 904 F.3d 1167, 1193 (10th Cir. 2018) (internal quotation marks and citation omitted). Defendants have not demonstrated that they are entitled to attorney fees for responding to this motion. To the extent Defendants implicitly invoke Federal Rule of Civil Procedure 11 to request the Court award sanctions against Mr. Reyes, the Court reminds Defendants that they must follow the procedural requirements for filing a motion for sanctions. *See Edwell*, 2005 WL 3664804, at *6.

***IV. Conclusion***

Mr. Reyes's Motion for Partial Summary Judgment, Doc. 55, is denied. Defendants' request for attorney's fees is also denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.