IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLIE REYES,

Plaintiff,

v. No. 2:24-cv-00831-KG-KRS

BRYCE BAILEY, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Charles Reyes's ("Mr. Reyes") Motion for Partial Summary Judgment, Doc. 56, Defendants Deanna Preston, Brendan Rodella, Geraldine Martinez, Lincoln County Manager, and Lincoln County Board of Commissioners' response, Doc. 58, Mr. Reyes's reply, Doc. 60. For the reasons below, the Court denies the motion.

***I. Background***

The present motion concerns actions taken by Defendants to remove vehicles from Mr. Reyes's property. *See generally* Doc. 56. In August 2022, Lincoln County's Public Works Director emailed the Lincoln County Sheriff's Office ("LCSO") to investigate "a solid waste ordinance violation" at Mr. Reyes's residence. Doc. 56-2 at 1; Doc. 56-4 at 1. County officials had received a call from "the HOA of Faun Ridge" concerning "the unacceptable waste" located at Mr. Reyes's residence. Doc. 56-4 at 1. A county official drove by Mr. Reyes's property and noted "that the blue van has been removed but the red jaguar is now sitting on the flat bed trailer." Doc. 56-3 at 1. LSCO deputies investigated the property and cited Mr. Reyes for violating Lincoln County Solid Waste Ordinance 2016-02. Doc. 56-1 at 1; Doc. 56-2 at 1.

In May 2023, county officials coordinated with Defendant Lincoln County Undersheriff Geraldine Martinez via email to tow the vehicles from Mr. Reyes's property. Doc. 56-9 at 1.

Mr. Reyes seeks summary judgment as to liability against all Defendants, asserting that "[t]here is no dispute of fact that the seizure occurred without a warrant and was pre-planned via County email" in violation of the Fourth and Fourteenth Amendments. Doc. 56 at 2. Defendants oppose the motion, arguing that Mr. Reyes has not demonstrated that he is entitled to judgment as a matter of law. Doc. 58 at 3.

## *II. Legal Standard*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Edwell v. Chase*, 2005 WL 3664804, at *3 (D.N.M.) (citing Fed. R. Civ. P. 56(c)). The moving party "bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case." *Smith v. Kenny*, 678 F. Supp. 2d 1093, 1103 (D.N.M. 2009) (internal quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 1104. Courts view the evidence presented in the light most favorable to the nonmoving party. *Phillips v. Franco*, 612 F. Supp. 2d 1190, 1193 (D.N.M. 2009).

## *III. Analysis*

Mr. Reyes has not met his initial burden on summary judgment to prove the absence of a genuine issue of material fact with respect to (A) unlawful seizure under the Fourth Amendment, (B) due process under the Fourteenth Amendment, (C) qualified immunity, and (D) municipal liability.

***A. Fourth Amendment***

First, Mr. Reyes is not entitled to summary judgment on his claim of unlawful seizure under the Fourth Amendment. The Fourth Amendment "protects the people from unreasonable searches and seizures of 'their persons, houses, papers, and effects.'" *Soldal v. Cook Cnty., Il.*, 506 U.S. 56, 62 (1992). A municipal nuisance abatement action does not violate the Fourth Amendment "as long as procedural due process standards are met and no unreasonable municipal actions are shown." *Santana v. City of Tulsa*, 359 F.3d 1241, 1245 (10th Cir. 2004). Here, genuine issues of material fact remain as to the reasonableness of the seizure of Mr. Reyes's vehicles and trailer. A reasonable jury could find based on the emails, call logs, and county records attached to Mr. Reyes's motion, that Defendants' behavior was reasonable. The emails demonstrate that county officials received a call from the homeowner's association regarding the waste accumulating on Mr. Reyes's property, investigated the allegations, cited Mr. Reyes, and eventually removed the waste from the property. For these reasons, genuine issues of material fact preclude summary judgment.

***B. Fourteenth Amendment***

Next, Mr. Reyes has not shown he is entitled to summary judgment on his Fourteenth Amendment due process claim. "An arbitrary deprivation of an individual's property right can violate the substantive component of the Due Process clause of the Fourteenth Amendment." *Clark v. City of Draper*, 168 F.3d 1185, 1190 (10th Cir. 1999). The governmental action "must shock the conscience" and "must be deliberate, rather than merely negligent." *Id.* (internal quotation marks and citation omitted). "As to procedural due process, as long as the City's requirements are reasonable and give the aggrieved party adequate notice and an opportunity to meaningfully participate, they are not unconstitutional." *Santana*, 359 F.3d at 1244.

Here, a reasonable jury could find that Defendants' conduct was constitutionally reasonable. As discussed, the emails demonstrate that after notifying Mr. Reyes that he was accumulating waste in violation of municipal ordinance, county officials coordinated with LSCO to tow the vehicles. In addition, a triable issue of fact remains concerning whether Mr. Reyes had proper notice under procedural due process to remove the waste from his property. The record shows that Mr. Reyes was cited for violating Lincoln County's solid waste ordinance. Viewing the facts in the light most favorable to Defendants, a reasonable jury could conclude Mr. Reyes was on notice and given the opportunity to avoid the seizure of his vehicles. As a result, Mr. Reyes is not entitled to summary judgment.

***C. Qualified Immunity***

Next, Mr. Reyes has not demonstrated that the individual defendants, Deanna Preston, Brendan Rodella, and Geraldine Martinez are not entitled to qualified immunity. "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to demonstrate, on the facts alleged, that (1) the defendant violated [his] constitutional or statutory rights, and (2) the right was clearly established at the time of the alleged unlawful activity." *Estate of Ward ex rel. Stamp v. Lucero*, 178 F.4th 604, 614 (10th Cir. 2026) (internal quotation marks and citation omitted). For reasons stated above, genuine issues of material fact remain as to whether a constitutional violation has occurred. Thus, summary judgment is inappropriate.

***D.* Monell *Municipal Liability***

Finally, Mr. Reyes is not entitled to summary judgment on his *Monell* claim. "Under § 1983, local governments are responsible only for their *own* illegal acts, meaning they are not vicariously liable for their employees' actions. *Manning v. City of Tulsa*, 170 F.4th 1287, 1299 (10th Cir. 2026) (alterations, internal quotation marks, and citation omitted). To state a claim for

municipal liability under § 1983, Mr. Reyes must prove "(1) the entity executed a policy or custom (2) that caused [him] to suffer deprivation of constitutional or other federal rights." *Id.* A *Monell* claim requires an underlying constitutional violation. *See Montoya ex rel. S.M. v. Española Pub. Sch. Dist. Bd. of Educ.*, 2012 WL 13070057, at *6 (D.N.M.). Here, summary judgment is inappropriate because triable issues of material fact remain as to whether a constitutional violation has occurred.

## *IV. Conclusion*

For the reasons above, Mr. Reyes's Motion for Partial Summary Judgment, Doc. 55, is denied. For reasons stated in the Court's prior Order, Doc. 85, Defendants' request for attorney fees is also denied. *See* Doc. 58 at 5.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.