IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLIE REYES,

Plaintiff,

v. No. 2:24-cv-00831-KG-KRS

BRYCE BAILEY, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on pro se Plaintiff Charles Reyes's Motion for an Order to Show Cause, Doc. 61, Defendants' response, Doc. 66, and Mr. Reyes's reply, Doc. 68. Mr. Reyes seeks sanctions based on Defendants' alleged pattern of misrepresentations to the Court. *See* Doc. 61 at 3. Mr. Reyes also moves the Court to strike Defendants Bryce Bailey and Todd Danley's notice joining Defendants' response, Doc. 70, as untimely. Doc. 71.

The Court construes Mr. Reyes's Motion for an Order to Show Cause, Doc. 61, as a motion for sanctions under Federal Rule of Civil Procedure 11, which "allows a district court to award sanctions either sua sponte or on a party's motion." *Mellott v. MSN Commc'ns, Inc.*, 492 Fed. Appx. 887, 888 (10th Cir. 2012). Relevant here, "Rule 11(b)(2) requires only that the claims, defenses and other legal contentions in any documents filed with the Court are warranted by existing law." *Bowman v. Friedman*, 2022 WL 1091289, at *2 (D.N.M.). "Rule 11(b)(3) requires only that any factual contentions in documents filed with the Court are warranted on the evidence or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id.* at *3.

Mr. Reyes appears to argue that Defendants have violated Rule 11 by "misrepresenting the record and the law." Doc. 61 at 2. He contends that Defendants: (1) misrepresented that he hallucinated a case citation in his pleadings; (2) "failed to comply with 28 U.S.C. § 1446(a) by omitting critical state-court filings from the Notice of Removal"; (3) moved to quash the summons issued for improper service based on false factual assertions; (4) asserted an affirmative defense unsupported by existing law; and (5) failed to specifically controvert his statement of undisputed facts in their response to his motions for summary judgment, as required by Federal Rule of Civil Procedure 56. Doc. 61 at 3.

The Court rejects Mr. Reyes's arguments and denies the motion. First, Mr. Reyes admits that he miscited a case in his Amended Complaint. *See* Doc. 65. Thus, Defendants' contention that Mr. Reyes may have fabricated a case was reasonable. Second, there is no indication that Defendants' failure to transmit the full state court record had any appreciable effect on the litigation of this case. Third, there is no indication that Defendants filed the motion to quash for improper service with the intent to delay or needlessly increase litigation. Fourth, the Court has rejected Mr. Reyes's argument, raised on summary judgment, that Defendants are collaterally estopped from asserting a defense of good faith belief. *See* Doc. 85. As a result, the Court finds no Rule 11 violation in the defense raised by Defendants. Fifth, Mr. Reyes misunderstands the requirements of Rule 56. Mr. Reyes had the initial burden to allege particular undisputed facts that entitled him to summary judgment as a matter of law. Mr. Reyes did not meet that burden. Therefore, the burden never shifted to Defendants to designate specific facts showing the existence of a genuine issue for trial. For these reasons, the Court declines to issue sanctions.

The Court denies Mr. Reyes's Motion for Order to Show Cause, Doc. 61. Mr. Reyes's Motion to Strike Defendants Bryce Bailey and Todd Danley's Notice of Joinder, Doc. 71, is denied as moot. Defendants' request for attorney fees is denied. *See* Doc. 85.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales___________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.